## 15004. MILLS *v.* THE STATE.

Failure to charge the jury (without request) on the law of circumstantial evidence was not error, a conviction not being wholly dependent upon such evidence.

The charge of the court on conspiracy, in the light of the record and of the remainder of the charge, was not cause for a new trial.

The evidence authorized the conviction.

DECIDED NOVEMBER 14, 1923.

Indictment for possession of liquor; from Fulton superior court —Judge Hardeman (motion for new trial before Judge Humphries). August 3, 1923.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

LUKE, J. The defendant was convicted of violating the prohibition statute, by having possession and control of intoxicating liquor. His case is here for review upon the grounds, (*a*) that the evidence did not authorize the verdict; (*b*) that the court erred in failing to charge the law of circumstantial evidence; and (*c*) because the court charged the jury that if the defendant possessed or controlled any quantity of whisky, or if they believed that with others he conspired to violate the prohibition law, and was a party with others in possessing, controlling, or having any quantity of intoxicating liquor, he would be just as guilty as the principal offender; it being contended that the charge as to conspiracy was error, because "there was no allegation in the indictment and no evidence in the record authorizing the same." The evidence amply authorized the defendant's conviction, which was not dependent wholly and entirely upon circumstantial evidence, and the failure of the court to charge upon the law of circumstantial evidence was not error. The other assignment of error upon the charge of the court, when considered in the light of the record in this case and the charge of the court as a whole, is without merit. The trial judge having approved the finding of the jury, he properly overruled the defendant's motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*